GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ZACHARY BANNON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728
Fax: (212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
INSTITUTE FOR AUTISM SCIENCE, and       :
THE INFORMED CONSENT ACTION              :   Case No. 19 Civ. 11947 (LL)
NETWORK,                                 :
                      Plaintiffs,        :
         -against-                       :   **ANSWER**
                                         :
                                         :
CENTERS FOR DISEASE CONTROL AND          :
PREVENTION,                              :
                      Defendants         :
---------------------------------------------------------------- X

Defendant Centers for Disease Control and Prevention (the "CDC"), by and through its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the correspondingly numbered paragraphs of Plaintiffs' Complaint upon information and belief as follows:

## **INTRODUCTION**

1. The CDC admits that the National Childhood Vaccine Injury Act was enacted in 1986 and is codified at 42 U.S.C. §§ 300aa-1 through 300aa-34. The remainder of Paragraph 1 purports to construe the contents of a statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

2. The first sentence of Paragraph 2 consists of Plaintiffs' opinions on the purpose and effect of a statute, to which no response is required. The second sentence purports to

1

construe the contents of a statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

3. The CDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Paragraph 4 consists of a statement of Plaintiffs' opinions to which no response is required.

5. The first sentence of Paragraph 5 purports to construe the contents of the CDC's website. The CDC respectfully refers the Court to its website for a true and accurate statement of its contents. The second sentence of Paragraph 5 refers to unidentified "CDC department heads" and is therefore insufficiently definite for the CDC to form a belief as to its truth.

6. Insofar as Paragraph 6 purports to characterize the results of unnamed "peer-reviewed articles," the CDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

7. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. The CDC admits that it received a FOIA request from Plaintiffs concerning the DTaP vaccine. The CDC denies the remaining allegations in Paragraph 9.

10. The CDC admits that it received a FOIA request from Plaintiffs concerning the Hepatitis B vaccine. The CDC denies the remaining allegations in Paragraph 10.

11. Paragraph 11 consists of Plaintiffs' statements of opinion and characterization of this action to which no response is required.

12. Paragraph 12 consists of Plaintiffs' statements of opinion and characterization of this action to which no response is required.

13. Paragraph 13 consists of Plaintiffs' characterization of this action to which no response is required.

## PARTIES

14. The CDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The CDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. The CDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. The CDC admits that it is an agency within the Executive Branch of the United States Government, organized within the Department of Health and Human Services.  The remainder of Paragraph 17 purports to construe the contents of a statute.  The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

## JURISDICTION AND VENUE

18. Paragraph 14 consists of legal conclusions to which no response is required.

## **BACKGROUND & FACTS**

19. The CDC admits that it asserts that vaccines do not cause autism. The remainder of the allegations in Paragraph 19 consist of Plaintiffs' statements of opinion and characterization of this action, to which no response is required.

20. The first sentence of Paragraph 20 consists of a statement of Plaintiffs' opinion to which no response is required. The second sentence purports to construe the contents of an Institute of Medicine report. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents. The third sentence purports to construe the contents of a Supreme Court opinion. The CDC respectfully refers the Court to that opinion for a true and accurate statement of its contents.

21. The CDC admits that the National Childhood Vaccine Injury Act was enacted in 1986 and is codified at 42 U.S.C. §§ 300aa-1 through 300aa-34. The remainder of Paragraph 21 seeks to characterize the contents of that statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

22. The CDC admits that the number of vaccines and injections on the childhood vaccine schedule has increased since 1983. The CDC denies knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 22. The CDC denies that Exhibit A and Exhibit B are the documents which Plaintiffs identify in Paragraph 22.

23. Paragraph 23 consists of Plaintiffs' statements of opinions on the rationale behind the passage of a statute to which no response is required.

24. Paragraph 24 purports to construe the contents of a statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

25. Paragraph 25 consists of statements of Plaintiff's opinions concerning the Department of Health and Human Services implementation of a statute to which no response is required.

26. Paragraph 26 consists of statements of Plaintiff's opinions concerning the Department of Health and Human Services implementation of a statute to which no response is required.

27. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Department of Health and Human Services' budget and activities in Paragraph 27.

28. Paragraph 28 purports to construe the contents of a statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

29. The CDC admits that the Department of Health and Human Services is represented by attorneys from the Department of Justice in the Vaccine Court. The remainder of Paragraph 29 consists of Plaintiff's characterization of that representation, to which no response is required.

30. Paragraph 30 consists of statements of Plaintiffs' opinion to which no response is required.

31. Paragraph 31 purports to construe the contents of a report issued by the U.S. House Committee on Government Reform. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

32. The CDC admits that the DTaP vaccine is intended to immunize individuals from pertussis, diphtheria, and tetanus bacteria.

33. The first sentence of Paragraph 33 purports to construe the contents of the CDC's childhood vaccine schedule. The CDC respectfully refers the Court to that schedule for a true and accurate statement of its contents. The remainder of Paragraph 33 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Paragraph 34 consists of statements of Plaintiffs' opinions to which no response is required.

35. Paragraph 35 purports to construe the contents of a statute. The CDC respectfully refers the Court to that statute for a true and accurate statement of its contents.

36. Paragraph 36 purports to construe the contents of a report written by the Institute of Medicine in 1991. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

37. Paragraph 37 purports to construe the contents of a report written by the Institute of Medicine in 1991. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

38. Paragraph 38 purports to construe the contents of a report written by the Institute of Medicine in 1991. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

39. Paragraph 39 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

40. Paragraph 40 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

41. Paragraph 41 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

42. Paragraph 42 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

43. Paragraph 43 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

44. Paragraph 44 purports to construe the contents of a report written by the Institute of Medicine in 2012. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

45. Paragraph 45 purports to construe the contents of a report written by the Agency for Healthcare Research and Quality in 2014. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

46. Paragraph 46 purports to construe the contents of a report written by the Agency for Healthcare Research and Quality in 2014. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

47. The CDC admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director of the National Institutes of Health were present, but denies

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 47.

48. The CDC admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director of the National Institutes of Health were present, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 48.

49. The CDC admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director of the National Institutes of Health were present, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 49.

50. Paragraph 50 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Paragraph 51 purports to construe the contents of a letter attached to the Complaint as an appendix to Exhibit C. The CDC respectfully refers the Court to that appendix for a true and accurate statement of its contents.

52. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Paragraph 53 purports to construe the contents of a letter attached to the Complaint as Exhibit G. The CDC respectfully refers the Court to that exhibit for a true and accurate statement of its contents.

54. Paragraph 54 consists of statements of Plaintiffs' opinions and allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no responses are required.

55. Paragraph 55 purports to construe the sworn testimony of an individual. The CDC respectfully refers the Court to that testimony for a true and accurate statement of its contents.

56. Paragraph 56 consists of statements of Plaintiffs' opinions and allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no responses are required.

57. Paragraph 57 consists of statements of Plaintiffs' opinions to which no response is required. To the extent a response is deemed required, the CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

58. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59. Paragraph 59 purports to construe the substance of an unidentified expert report. The CDC respectfully refers the Court to that expert report for a true and accurate statement of its contents.

60. Paragraph 60 purports to construe the substance of an affidavit attached to the Complaint as Exhibit F. The CDC respectfully refers the Court to that affidavit for a true and accurate statement of its contents.

61. The CDC lacks knowledge and information sufficient to form a belief regarding the authenticity of the document attached as Exhibit F.

62. Paragraph 62 purports to construe the substance of a letter attached to the Complaint as Exhibit C.  The CDC respectfully refers the Court to that letter for a true and accurate statement of its contents.

63. Paragraph 63 purports to construe the contents of a letter attached to the Complaint as Exhibit D.  The CDC respectfully refers the Court to that letter for a true and accurate statement of its contents.

64. Paragraph 64 purports to construe the contents of a letter attached to the Complaint as Exhibit G.  The CDC respectfully refers the Court to that letter for a true and accurate statement of its contents.

65. The first sentence of Paragraph 65 consists of a statement of Plaintiffs' opinion to which no response is required.  The CDC admits the second sentence of Paragraph 65.  The CDC denies the final sentence in Paragraph 65.

66. Paragraph 66 consists of statements of Plaintiffs' opinion to which no response is required.

67. Paragraph 67 consists of statements of Plaintiffs' opinion to which no response is required.

68. The CDC admits the allegations contained in Paragraph 68.

69. The first sentence of Paragraph 69 purports to construe the contents of the CDC's childhood vaccination schedule.  The CDC respectfully refers the Court to that schedule for a true and accurate statement of its contents.  The CDC lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence.

70. Paragraph 70 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. Paragraph 71 purports to construe the contents of a report written by the Agency for Healthcare Research and Quality in 2014. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

72. Paragraph 72 purports to construe the contents of a report written by the Agency for Healthcare Research and Quality in 2014. The CDC respectfully refers the Court to that report for a true and accurate statement of its contents.

73. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 73. The CDC denies the allegations contained in the third sentence of Paragraph 73.

74. The CDC admits the allegations contained in Paragraph 74.

75. Paragraph 75 purports to construe the contents of the CDC's childhood vaccination schedule. The CDC respectfully refers the Court to that schedule for a true and accurate statement of its contents.

76. Paragraph 76 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Paragraph 77 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the

extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Paragraph 78 consists of statements of Plaintiffs' opinions to which no response is required.

79. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 79. The CDC denies the allegations contained in the third sentence of Paragraph 79.

80. The CDC admits the allegations contained in Paragraph 80.

81. Paragraph 81 purports to construe the contents of the CDC's childhood vaccination schedule. The CDC respectfully refers the Court to that schedule for a true and accurate statement of its contents.

82. Paragraph 82 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 83. The CDC denies the allegations contained in the third sentence of Paragraph 83.

84. The CDC admits the allegations contained in Paragraph 84.

85. Paragraph 85 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Paragraph 86 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, the CDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 87. The CDC denies the allegations contained in the third sentence of Paragraph 87.

88. The CDC admits the allegations contained in Paragraph 88.

89. The CDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 89. The CDC denies the allegations contained in the third sentence of Paragraph 89.

90. Paragraph 90 consists of statements of Plaintiffs' opinions, to which no response is required.

91. Paragraph 90 consists of statements of Plaintiffs' opinions, to which no response is required.

92. The CDC admits the allegations contained in Paragraph 92.

## REQUESTED RELIEF

The final unnumbered WHEREFORE paragraph constitutes a prayer for relief to which no response is required. To the extent that a response is deemed to be required, the CDC denies each and every factual allegation that may be deemed to be contained in the unnumbered WHEREFORE paragraph in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, the CDC alleges as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

**THIRD DEFENSE**

At all times alleged in the complaint, the CDC acted in good faith, with justification, and pursuant to authority.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

**FIFTH DEFENSE**

The CDC conducted reasonable searches responsive to Plaintiff's FOIA Request.

**SIXTH DEFENSE**

FOIA does not require the CDC to create new records, provide reasons for its actions, or explain the conduct of the agency.

The CDC asserts that it has, or may have, additional defenses which are not presently known to it at this time. Accordingly, the CDC reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the CDC demands judgment dismissing the Complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:   February 24, 2020
         New York, New York

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York

By:   /s/ Zachary Bannon
       ZACHARY BANNON
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2728
       E-mail: Zachary.Bannon@usdoj.gov